JORGE QUIÑONES IRIZARRY, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 842. Submitted April 27, 1931.—Decided January 19, 1932.

*Nazario & García Méndez* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Antonio Quiñones Ramos bought a piece of property for his wife, Monserrate Irizarry Vélez, in whose name it was recorded in the registry of property. We are not acquainted with the wording of the record, which is the third one, of property No. 1075 on folio 52 of volume 18 of the Municipality of San Germán, and in which, according to the appellant, it was stated that the husband acknowledged in the deed that the purchase had been made with money inherited by the wife from her father. Following the death of Monserrate Irizarry Vélez and after her seven children had been declared her heirs, the whole property was recorded in their names,

as to one-seventh undivided interest therein for each. While the record entries pertaining to the property stood thus, there was presented for record in the registry deed No. 7 executed on February 3, 1926, before notary Miguel Angel García Méndez, whereby the surviving husband, Antonio Quiñones Ramos, sold to one of his children, Jorge Quiñones Irizarry, all the rights and claims which he alleged he had to one-half of the said piece of property. The registrar refused to record this deed, and it is from such refusal that the present administrative appeal has been taken, seeking to have us order the registration applied for.

The appellant and the registrar have discussed in this appeal the legal effect of the third record made in favor of the spouse, Monserrate Irizarry Vélez, which the appellant maintains is a record of conjugal property, for which reason the surviving husband is the owner according to the registry, of the one-half interest which he sold to the appellant, and hence such sale is recordable. The registrar considers it as a record of separate property, belonging to the wife, and in accordance therewith, he recorded the whole estate in favor of the seven children as the heirs of the said lady.

We can not determine in this appeal the legal effect of the above-mentioned third record, because apart from the fact that we have not before us the text thereof, in any event, it appears that, as the entire property is at present recorded in the name of the heirs of Monserrate Irizarry Vélez, said record can not be disregarded, whether correct or not, as long as the one made in the name of the children subsists; and consequently Quiñones owns no interest in such property that he might assign. Also because, under section 17 of the Mortgage Law, after a cautionary notice has been entered in the registry concerning any deed conveying the ownership or the possession of real property or real rights, no other deed of the same or a prior date conveying or encumbering the ownership of the same real property or real rights can be recorded or entered.

Therefore, until the record of the whole piece of property in favor of the heirs is at least canceled—and the proceeding herein is not the proper one to effect such correction according to sections 255 and 256 of the Mortgage Law—the title of the appellant can not be recorded and the decision appealed from must be affirmed.

Mr. Justice Wolf concurs for other reasons in addition to those above set forth.